# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
WAITHIRA NJENGA

**DEFENDANTS**
SAN MATEO COUNTY, SAN MATEO OFFICE OF EDUCATION; JEAN HOLBROOK, et al.

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
FANIA E DAVIS
400 Redwood Rd #371
Oakland CA 94619
(510) 639-7096

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**: 110 Insurance; 120 Marine; 130 Miller Act; 140 Negotiable Instrument; 150 Recovery of Overpayment & Enforcement of Judgment; 151 Medicare Act; 152 Recovery of Defaulted Student Loans (Excl. Veterans); 153 Recovery of Overpayment of Veteran's Benefits; 160 Stockholders' Suits; 190 Other Contract; 195 Contract Product Liability; 196 Franchise

**REAL PROPERTY**: 210 Land Condemnation; 220 Foreclosure; 230 Rent Lease & Ejectment; 240 Torts to Land; 245 Tort Product Liability; 290 All Other Real Property

**TORTS — PERSONAL INJURY**: 310 Airplane; 315 Airplane Product Liability; 320 Assault, Libel & Slander; 330 Federal Employers' Liability; 340 Marine; 345 Marine Product Liability; 350 Motor Vehicle; 355 Motor Vehicle Product Liability; 360 Other Personal Injury

**TORTS — PERSONAL INJURY**: 362 Personal Injury—Med. Malpractice; 365 Personal Injury—Product Liability; 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**: 370 Other Fraud; 371 Truth in Lending; 380 Other Personal Property Damage; 385 Property Damage Product Liability

**CIVIL RIGHTS**: 441 Voting; [x] 442 Employment; 443 Housing/Accommodations; 444 Welfare; 445 Amer. w/Disabilities - Employment; 446 Amer. w/Disabilities - Other; 440 Other Civil Rights

**PRISONER PETITIONS**: 510 Motions to Vacate Sentence; Habeas Corpus: 530 General; 535 Death Penalty; 540 Mandamus & Other; 550 Civil Rights; 555 Prison Condition

**FORFEITURE/PENALTY**: 610 Agriculture; 620 Other Food & Drug; 625 Drug Related Seizure of Property 21 USC 881; 630 Liquor Laws; 640 R.R. & Truck; 650 Airline Regs.; 660 Occupational Safety/Health; 690 Other

**LABOR**: 710 Fair Labor Standards Act; 720 Labor/Mgmt. Relations; 730 Labor/Mgmt. Reporting & Disclosure Act; 740 Railway Labor Act; 790 Other Labor Litigation; 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**: 462 Naturalization Application; 463 Habeas Corpus – Alien Detainee; 465 Other Immigration Actions

**BANKRUPTCY**: 422 Appeal 28 USC 158; 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**: 820 Copyrights; 830 Patent; 840 Trademark

**SOCIAL SECURITY**: 861 HIA (1395ff); 862 Black Lung (923); 863 DIWC/DIWW (405(g)); 864 SSID Title XVI; 865 RSI (405(g))

**FEDERAL TAX SUITS**: 870 Taxes (U.S. Plaintiff or Defendant); 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**: 400 State Reapportionment; 410 Antitrust; 430 Banks and Banking; 450 Commerce; 460 Deportation; 470 Racketeer Influenced and Corrupt Organizations; 480 Consumer Credit; 490 Cable/Sat TV; 810 Selective Service; 850 Securities/Commodities/Exchange; 875 Customer Challenge 12 USC 3410; 890 Other Statutory Actions; 891 Agricultural Acts; 892 Economic Stabilization Act; 893 Environmental Matters; 894 Energy Allocation Act; 895 Freedom of Information Act; 900 Appeal of Fee Determination Under Equal Access to Justice; 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 7 Civil Rights Act 1964; 42 USC §1981; 42 USC §1983

Brief description of cause:
Employment discrimination, hostile work environment; Retal.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".  NONE

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)  [x] SAN FRANCISCO/OAKLAND  [ ] SAN JOSE

DATE: 8-21-08

SIGNATURE OF ATTORNEY OF RECORD

E-filing

1  FANIA E. DAVIS, California State Bar No. 87268
   4100 Redwood Road #371
2  Oakland, California 94619

3  Telephone Number:   (510) 451-0104 Ext. 2
   Facsimile:          (510) 451-5056
4  Email:              faniad@earthlink.net

5  Attorneys for Plaintiff
   WAITHIRA NJENGA

FILED
AUG 2 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAITHIRA NJENGA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SAN MATEO COUNTY; SAN MATEO COUNTY OFFICE OF EDUCATION; JEAN HOLBROOK, In Her Individual and Official Capacities; JEANNIE BOSLEY, In Her Individual and Official Capacities; CAROL PEX, In Her Individual And Official Capacities; and DOES 1 THROUGH 10,<br><br>　　　　Defendants. | Case No: C08-04019<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS**<br><br>**Jury Trial Demanded**<br><br>[Hostile Work Environment, Gender-Based, Race-Based, National Origin-Based, Color-Based, Employment Discrimination; Retaliation] |

**COMPLAINT FOR DAMAGES**

## I. JURISDICTION

1. This action arises under Title 42 United States Code §1981. Jurisdiction is conferred upon this Court by the provisions of 28 United States Code §§ 1331, 1343(1), (2), (3) and (4), and 2201, *et seq*.

2. The pendent jurisdiction of this Court is invoked over claims which arise under California law by virtue of the fact that such claims arise out of the same transaction or series of transactions or nucleus of operative facts as do the claims herein under federal constitutional and statutory law.

3. This action is brought to redress discrimination in employment motivated by race, color, national origin, gender, and age. This action is also brought to remedy retaliation for opposing employment discrimination. The unlawful acts and practices alleged herein occurred within this judicial district.

## II. PARTIES

4. Plaintiff Waithira Njenga, a female of Kenyan and African descent, began employment with the San Mateo County Office of Education in 1993. Her job title prior to termination in November, 2007 was Vocational Transition Specialist, assigned to the WorkAbility program

5. Defendant, County Of San Mateo (County), is, and at all times relevant hereto, has been a political subdivision of the State of California. Defendant San Mateo County Office of Education (SMCOE) is an agency and subdivision of San Mateo County providing public educational services to the citizens of the County.

6. At all times relevant hereto, Defendant Jean Holbrook was employed by the County as Superintendent of the County Office of Education.

**COMPLAINT FOR DAMAGES**

2

7.  At all times relevant hereto, Defendant Jeannie Bosley was employed by the County as Associate Superintendent of the County Office of Education.

8.  At all times relevant hereto, Defendant Carol Pex was employed by the County as a Supervisor in the San Mateo County Office of Education.

9.  Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10. She therefore sues these Defendants by such fictitious names. Plaintiff will amend the complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is legally responsible in some manner for the occurrences herein alleged, and that Plaintiff's losses as herein alleged were caused by such unlawful actions.

10. Plaintiff is informed and believes, and thereon alleges that each of the Defendants herein was at all relevant times the agent, employee, or representative of the remaining Defendants, and was acting within the scope and course of such agency or relationship.

### III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Ms. Njenga filed a timely charge of discrimination on February 7, 2008 against Defendants with the Equal Employment Opportunity Commission (and simultaneously with the Department of Fair Employment and Housing). The EEOC issued its Notice of Right to Sue on June 23, 2008, a copy of which is attached herewith.

12. Ms. Njenga filed a timely tort claim with Defendant County. The claim was rejected on February 28, 2008. Rejection of the claim is attached herewith.

### IV.   FACTS

13. Ms. Njenga began employment with the San Mateo County Office of Education in 1993 as a Vocational Transition Specialist, assigned to the WorkAbility program. Her duties were to prepare high school level special education students for transition to life after school by

COMPLAINT FOR DAMAGES                                                                  3

developing job competencies. Additionally, she developed job training sites at places of employment in a number of communities where she and training assistants along with the employer would offer on-the job training to students.

14. She was the only African employee and the only employee of African ancestry in the San Mateo office. From approximately 2003 until her 2007 termination, Plaintiff was continuously subjected to a hostile work environment, and a continuing course of discriminatory and retaliatory acts by Carol Pex, Caucasian, her supervisor, acts which were ratified and condoned by the rest of the Defendants.

15. During 2003 or thereabouts, Defendants took no action when Ms. Njenga told Carol Pex the Caucasian female janitor had made derogatory statements to Ms. Njenga based upon her race. Ms. Njenga also informed Ms. Pex that the janitor refused to clean Ms. Njenga's desk area.

16. Defendants further took no action when Ms. Njenga notified Carol Pex that her work area had not only been excluded from receiving regular janitorial services, but it had also been vandalized, with all Ms. Njenga's family pictures, African sculptures, images, and art work and other personal belongings strewn all over the floor. Ms. Njenga's desk was vandalized a second time in or around September 2006 without remediation by Defendants, even though a Black female manager surveying the scene concluded this was an act of racial harassment. (This manager was subsequently driven out by Defendants.)

17. Beginning in 2003 and continuing through academic year 2006-2007, Carol Pex refused to approve Ms. Njenga's orders for work supplies and furniture while routinely approving those of Ms. Njenga's non-African co-workers.

18. Defendant Pex routinely and continually ignored Ms. Njenga and excluded her from staff and other professional meetings.

COMPLAINT FOR DAMAGES                                                  4

19. Defendant Pex assigned Ms. Njenga the least capable, least competent, and least committed assistants and assigned her insufficient teaching assistant hours.

20. Defendants assigned Ms. Njenga to schools located in remote and disparate ends of the county. They also discriminated against Ms. Njenga in making summer job assignments.

21. Defendants opposed and resisted Ms. Njenga's efforts to establish job sites in the predominantly African-American community of E. Palo Alto.

22. Carol Pex made continually made derogatory remarks about Ms. Njenga's ancestry and nationality.

23. Defendants discriminatorily refused to approve of Ms. Njenga's requests to attend professional conferences and meetings.

24. Defendants refused to promote Ms. Njenga in the fall of 2006 and promoted a less qualified Caucasian female over Ms. Njenga.

25. Ms. Njenga filed complaints of harassment and discrimination against the County in September 2003, October 2004, and an EEOC complaint on May 25, 2004.

26. In March, 2007, Defendants falsely reported Ms. Njenga to police as a missing person with foul play suspected even though Ms. Njenga and her physicians informed Defendants she would be on post-operative medical leave for three to four months. As a result of the false missing person report, the police broke into Ms. Njenga's home, knocked Ms. Njenga's door down, and otherwise traumatized and terrorized Ms. Njenga and her family.

27. On March 20, 2007, Ms. Njenga filed a grievance against SMCOE management for harassment and creating an unsafe work environment.

28. After filing the grievance and during Ms. Njenga's recovery from surgery, Ms. Njenga received multiple harassing telephone calls from Defendant Jeannie Bosley, who defied

**COMPLAINT FOR DAMAGES**                                              5

doctor's orders to refrain from calling. This impeded Ms. Njenga's recovery from major surgery.

29. During grievance meetings in June 2007, Defendant Bosley issued false and unjustified oral and written reprimands against Ms. Njenga's union representative for misconduct. Defendant Bosley also issued false and unjustified discipline against Ms. Njenga for allegedly engaging in "serious" misconduct.

30. On November 8, 2007, Ms. Bosley denied Ms. Njenga's application for unpaid sick leave. (Ms. Njenga needed an extension of sick leave because of doctors' opinions that Ms. Njenga's medical condition precluded her return to her work in view of the hostile environment.) Ms. Bosley terminated Ms. Njenga effective this date.

## V. DAMAGES

31. As a result of Defendants' conduct, Plaintiff suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, shame, embarrassment, and a loss of her sense of security, dignity and pride as an American citizen. Plaintiff's attending psychologist has diagnosed depression, anxiety and Post Traumatic Stress Disorder. Plaintiff suffers recurrent intrusive thoughts and distressing dreams about the workplace hostility to which she was subjected over the years. She also suffers irritability, profuse perspiration, low energy, headaches, gastrointestinal disorders, and social withdrawal. Additionally, she has feelings of despondency and hopelessness as well as appetite disturbance, sleep disturbance, low self-esteem, and impaired concentration.

32. As a further result of Defendants' conduct, Plaintiff has incurred medical expenses and other damages.

33. Defendants' conduct was outrageous, reckless, malicious, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against the individual Defendants on this basis.

34. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the laws. Plaintiff is therefore entitled to an award of all attorney's fees and costs incurred in relation to this action for violation of her civil rights.

## FIRST CAUSE OF ACTION
## UNLAWFUL DISCRIMINATION AND HOSTILE WORK ENVIRONMENT BASED UPON RACE, COLOR, NATIONAL ORIGIN, GENDER
(California Government Code, § 12940 et seq)
(Against San Mateo County, San Mateo County Office of Education, Carol Pex)

35. Plaintiff hereby incorporates by reference all foregoing paragraphs.

36. Defendants intentionally, willfully, and without justification discriminated and created a hostile work environment against Plaintiff on the grounds of her color, Black, her race, African, her national origin, Kenyan, and her gender, female, and on the basis of any combination of the foregoing factors, by harassing her, discriminatorily failing to promote, by subjecting her to racist remarks, disparate treatment in the terms and conditions of her employment, subjecting her to false discipline, isolating her, and terminating her, all without justification, thereby depriving Plaintiff of her rights under California Government Code, § 12940 et seq., and causing her to suffer damages as set forth in preceding paragraphs.

## SECOND CAUSE OF ACTION
## RETALIATION
(California Government Code, § 12940 et seq)
(Against Defendants San Mateo County and San Mateo County Office of Education)

37. Plaintiff hereby incorporates by reference all foregoing paragraphs.

38. Defendants intentionally, willfully, and without justification retaliated against laintiff for expressing opposition to workplace discrimination, thereby depriving her of equal

COMPLAINT FOR DAMAGES                                                7

employment opportunity in violation of California Government Code, § 12940 et seq., causing her damage as set forth in preceding paragraphs.

### THIRD CAUSE OF ACTION
### UNLAWFUL DISCRIMINATION AND HOSTILE WORK ENVIRONMENT BASED UPON RACE, COLOR, NATIONAL ORIGIN, GENDER, AND AGE
(Title VII of the 1964 Civil Rights Act, Amended)
(Against San Mateo County, San Mateo County Office of Education, Carol Pex)

39. Plaintiff hereby incorporates by reference all foregoing paragraphs.

40. Defendants intentionally, willfully, and without justification discriminated and created a hostile work environment against Plaintiff on the grounds of her color, Black, her race, African, her national origin, Kenyan, and her gender, female, and on the basis of any combination of the foregoing factors, by harassing her, discriminatorily failing to promote, by subjecting her to racist remarks, disparate treatment in the terms and conditions of her employment, subjecting her to false discipline, isolating her, and terminating her, all without justification, thereby depriving Plaintiff of her rights under California Government Code, § 12940 et seq., causing her damage as set forth in preceding paragraphs.

### FOURTH CAUSE OF ACTION
### RETALIATION
(Title VII, 1964 Civil Rights Act, Amended)
(Against Defendants San Mateo County and San Mateo County Office of Education)

41. Plaintiff hereby incorporates by reference all foregoing paragraphs.

42. Defendants intentionally, willfully, and without justification retaliated against Plaintiff for expressing opposition to workplace discrimination, thereby depriving her of equal employment opportunity in violation of Title VII of the 1964 Civil Rights Act, Amended, and causing damage as set forth in preceding paragraphs.

//

//

## FIFTH CAUSE OF ACTION
## FAILURE TO PREVENT UNLAWFUL DISCRIMINATION AND HARASSMENT
(California Government Code, § 12940, et seq.)
(Against Defendants San Mateo County and San Mateo County Office of Education)

43. Plaintiff hereby incorporates by reference all foregoing paragraphs.

44. FEHA requires employers to take all reasonable steps to prevent harassment, such as instituting employers of policies, procedures and practices which incorporate effective remedial procedures, appropriate training, monitoring, and taking appropriate corrective and disciplinary measures.

45. Defendants failed to take corrective action to prevent and remediate racial and retaliatory harassment and other unlawful discrimination, in violation of FEHA, Cal. Gov. Code §12940.

46. Defendant PHS' policies, procedures and practices were inadequate for prevention and remediation of discrimination and harassment. If such policies, procedures and practices existed, employees, including supervisors, were unaware of or insufficiently trained in them.

47. Once made aware of the hostile and abusive conduct toward Plaintiff, Defendants not only failed to take measures to prevent additional harassment, but made matters worse by escalating harassment against Plaintiff, causing damage as set forth in preceding paragraphs.

## SIXTH CAUSE OF ACTION
## DEPRIVATION OF CIVIL RIGHTS
(42 U.S.C. Section 1983)
(Against Defendants San Mateo County and San Mateo County Office of Education)

48. Plaintiff realleges and incorporates by reference all foregoing paragraphs.

49. In subjecting Plaintiff to racial, national origin, gender and age discrimination and retaliation, Defendants deprived Plaintiff of her civil rights, in violation of the U.S. Constitution and 42 U.S.C. § 1983, causing damage as set forth in preceding paragraphs.

//

COMPLAINT FOR DAMAGES                                                    9

## SEVENTH CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS WHILE IN EMPLOYMENT
(42 U.S.C. § 1981)
(Against All Defendants)

50    Plaintiff realleges and incorporates by reference all foregoing paragraphs.

51.   In subjecting Plaintiff to racial, national origin, gender discrimination and retaliation, Defendants deprived Plaintiff of her civil rights, in violation of the U.S. Constitution and 42 U.S.C. § 1981, causing her damage as set forth in preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1) General damages according to proof;

2) Special damages according to proof;

3) Punitive damages against individual Defendants according to proof;

4) Reasonable attorney's fees;

5) Costs of suit incurred herein; and

6) Such other and further relief as the Court may deem just and proper.

Dated: August 21, 2008

FANIA E. DAVIS
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this action.

Dated: August 21, 2008

FANIA E. DAVIS
Attorney for Plaintiff

COMPLAINT FOR DAMAGES                                                            10

County Manager's Office



# COUNTY OF SAN MATEO

COUNTY GOVERNMENT CENTER • REDWOOD CITY • CALIFORNIA 94063-1662
WEB PAGE ADDRESS:http://www.co.sanmateo.ca.us

BOARD OF SUPERVISORS
MARK CHURCH
JERRY HILL
RICHARD S. GORDON
ROSE JACOBS GIBSON
ADRIENNE TISSIER

JOHN L. MALTBIE
COUNTY MANAGER
CLERK OF THE BOARD

(650) 363-4123
FAX: (650) 363-1916

February 28, 2008

Waithira Njenga
c/o Fania E. Davis, Ph.D. Attorney at Law
445 Bellevue Avenue, Suite 202
Oakland, CA 94610

Notice is hereby given that your claim, which was received in the office of the Board of Supervisors on February 4, 2008, was presented to the Board of Supervisors on February 26, 2008, and rejected in its entirety by said Board.

WARNING: Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a state court action on this claim. (See Government Code Section 945.6)

You may seek the advice of an attorney of your choice in connection with this matter. If you do desire to consult an attorney, you should do so immediately.

If you have any questions, please contact San Mateo County Risk Management at (650) 363-4611.

Very truly yours,

John L. Maltbie, County Manager /
Clerk of the Board of Supervisors

JLM:mlp

cc: Donna Vaillancourt, Director, Human Resources Department
    Keith A. Hillegass Company, Inc.

**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
5054 8674

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4239
Washington, DC 20530

June 23, 2008

Ms. Waithira Njenga
345 Sheridan Avenue
Apt. 211
Palo Alto, CA  94306

Re:  EEOC Charge Against San Mateo City Office of Education
     No. 550200800888

Dear Ms. Njenga:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

by  *Karen L. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  San Francisco District Office, EEOC
     San Mateo City Office of Education