United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WAITHIRA NJENGA,

    Plaintiff,

v.

SAN MATEO COUNTY SUPERINTENDENT OF SCHOOLS; JEAN HOLBROOK, In Her Individual and Official Capacities; JEANNIE BOSLEY, In Her Individual and Official Capacities; CAROL PEX, In Her Individual And Official Capacities; and DOES 1 THROUGH 10,

    Defendants.
_____/

No. C-08-04019 EDL

**ORDER REGARDING IN CAMERA REVIEW**

    In this employment discrimination case, Plaintiff Njenga alleges that Defendants discriminated against her based on race, color, national origin and gender. In a stipulation and order dated May 15, 2009, the Court agreed to perform an in camera review of certain categories of documents, including employee personnel records. On May 21, 2009, Defendants provided 225 pages of records to the Court for in camera review. Defendants conceded that some records appeared to be relevant to Plaintiff's claims, but that the relevance was outweighed by the employees' privacy rights. The parties' stipulation and order provided that Plaintiff had seven days to file a brief addressing Defendants' arguments regarding the in camera documents. Plaintiff did not file any response.

    The Court has carefully reviewed the documents, and orders production of documents with bates stamped numbers 2534-2550, 3310 and 3333-3347. Documents 2534-2550 and 3310 refer to

personnel matters that appear to be relevant to Plaintiff's claims, although the documents do not contain many details. Any privacy interests in the documents are not sufficient to outweigh their relevance and can be addressed under the protective order dated May 15, 2009. Documents 3333-3347 refer to possible retaliation through discrimination and harassment, which is relevant to Plaintiff's retaliation claim, and any privacy interests can be addressed through the protective order. Documents 3348-3353 lack significant details but refer to a settlement agreement that appears to relate to a personnel dispute. Under Federal Rule of Evidence 408, the documents cannot be used to prove liability for a claim. Accordingly, they need not be produced. (Of course, Plaintiff is entitled to the name of employees, if any, who have made similar allegations of discrimination and are similarly situated. The Court has no information as to whether the allegations giving rise to this settlement were similar.).

**IT IS SO ORDERED.**

Dated: June 26, 2009

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge