1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8             FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10    WAITHIRA NJENGA,                          No. C-08-04019 EDL

11              Plaintiff,                       **ORDER RE: DEFENDANTS'**
                                                 **EVIDENTIARY OBJECTIONS**
12       v.

13    SAN MATEO COUNTY
      SUPERINTENDENT OF SCHOOLS,  et al.,
14
              Defendants.
15    _____/

16

17          In connection with the parties' summary judgment motions, Defendants filed Objections to

18    Evidence Submitted by Plaintiff.  Plaintiff filed responses to those objections.  This Order addresses

19    the evidentiary objections that were not addressed in the Court's March 30, 2010 Order.

20          Plaintiff argues generally in opposition to many of Defendants' evidentiary objections that

21    otherwise inadmissible evidence is admissible on summary judgment because the nonmoving party

22    need not present evidence in a form that wold be admissible at trial, and the evidence will be

23    admissible at trial later.  See, e.g., Fed. Deposit Ins. Co. v. N.H. Ins. Co., 953 F.2d 478, 485 (9th Cir.

24    1991).  However, the Ninth Circuit has stated plainly that: "A trial court can only consider

25    admissible evidence in ruling on a motion for summary judgment."  Orr v. Bank of America, 285

26    F.3d 764, 773 (9th Cir. 2002) ("Authentication is a "condition precedent to admissibility," and this

27    condition is satisfied by "evidence sufficient to support a finding that the matter in question is what

28    its proponent claims." We have repeatedly held that unauthenticated documents cannot be

      considered in a motion for summary judgment.") (internal citations omitted).  Plaintiff's argument is

      not well-taken.

**United States District Court**
For the Northern District of California

1  **Declaration of Attorney Fania Davis**

2  1.  Paragraphs 12-14, 16 and Exhibit I:  Plaintiff's counsel recounts conversations she had with

3  witness Cecil Reeves, former Human Resources Director and Chief Negotiator for Defendant

4  San Mateo County Superintendent of Schools, all purporting to authenticate Reeves'

5  unsigned declaration (Exhibit I).  The fact that the declaration is unsigned makes it

6  inadmissible to establish Reeves' testimony.  To the extent counsel's declaration and Exhibit

7  I contain hearsay that is offered for the truth, Defendants' hearsay objection is sustained.

8  In her declaration, Plaintiff's counsel included a request for further discovery based on

9  Federal Rule of Civil Procedure 56(f), arguing that if the Court is inclined to grant

10  Defendant's motion, Plaintiff would like the opportunity to subpoena Reeves.  Plaintiff has

11  not met her burden under Rule 56(f), which requires an affidavit setting out specific reasons

12  why a party cannot present facts that are essential to justify her opposition.  Counsel has

13  stated that she could not obtain Reeves' statement in time, but does not demonstrate how it

14  contains facts essential to her opposition.  Further, there is no explanation for why Plaintiff

15  did not subpoena Reeves sooner, since she knew he was difficult to reach.

16  2.  Paragraph 23 and Exhibit K:  Paragraph 23 purports to authenticate Exhibit K, which is a

17  June 28, 2007 letter from the management of Mayfield Apartments, where Plaintiff lived,

18  regarding police breaking down her door on March 6, 2007 because she was reported

19  missing.  Exhibit K is not a sworn statement, and is not addressed to counsel.  Plaintiff

20  argues that Exhibit K is authenticated by the letterhead, and signature, but cites no authority

21  in which this was enough for authentication in the absence of any declaration showing

22  personal knowledge of the letter.  Therefore, Exhibit K is inadmissible.

23  3.  Paragraph 24 and Exhibit L:  Paragraph 24 purports to authenticate Reeves' investigative

24  findings which are contained in Exhibit L.  Exhibit L has no identifying marks on it and is

25  not signed by Reeves.  Plaintiff argues that this document has indicia of authenticity because

26  Defendants produced it in discovery and it has their Bates stamp on it.  But Plaintiff has cited

27  no authority in which a Bates-stamp satisfied any of the authentication methods in Federal

28  Rule of Evidence 901, especially where the pages of unsigned and undated notes are not

2

**United States District Court**
For the Northern District of California

1    otherwise identified on their face.  Because Exhibit L is not properly authenticated, it is

2    excluded.

3    **Declaration of Plaintiff Waithira Njenga**

4    1.    Page 3:4 - " . . . when I was terminated." Defendants object that this statement is

5    argumentative and a legal conclusion without adequate foundation.  These objections go to

6    the weight of Plaintiff's statement, and therefore, the objection is overruled.

7    2.    Page 4:16 - "I would be scrutinized and viewed with suspicion."  Defendants object to this

8    statement on the grounds that it lacks foundation and is speculative.  Defendants' objections

9    are overruled.  Plaintiff's perception of how she was viewed goes to the weight of the

10   evidence.

11   3.    Paragraphs 21-29:  These paragraphs describe an incident in 1997 in which Plaintiff alleges

12   that another employee used the "N" word in her presence to describe a student.  Defendants

13   object on the grounds that evidence about this incident is irrelevant because it occurred in ten

14   years before Plaintiff's 2008 EEOC charge at issue in this case and involved persons other

15   than Defendants here.  Although the relevance of this statement is slight, to the extent it will

16   be used as part of a hostile work environment claim, it may be considered for purposes of

17   liability if a similar incident occurred during the limitations period.  See National R.R. Corp.

18   v. Morgan, 536 U.S. 101, 117 (2002) ("Provided that an act contributing to the claim occurs

19   within the filing period, the entire time period of the hostile environment may be considered

20   by a court for the purposes of determining liability.").  Defendants' objections are overruled.

21

22   4.    Page 6:25-26: "I understand they did not interview Chris or his family, only co-workers."

23   Defendants object on the grounds that the statement is speculative and lacks foundation.

24   Because there is no showing as to how Plaintiff knows who was interviewed, the objection is

25   sustained.

26   5.    Paragraphs 30-32: These paragraphs describe an incident in 2000 in which Plaintiff believed

27   that a white female support staff treated her in an antagonistic manner.  Defendants object on

28   the grounds that this occurred in 2000, more than eight years before her 2008 EEOC

1    complaint that is the subject of his lawsuit.  Although the relevance of this statement is

2    slight, it may be considered for purposes of liability under Morgan.  Defendants' objections

3    are overruled.

4    6.    Page 7:2-8: "She resisted my legitimate requests for administrative support . . . prevailed

5    upon Elaine to behave in this antagonistic manner toward me."  Defendants object on the

6    grounds that this statement is speculative and lacks foundation.  To the extent that Plaintiff

7    states in this paragraph that there was a hostile work environment at San Mateo County

8    Office of Education (SMCOE), that is an impermissible legal conclusion.  To the extent that

9    the last sentence contains hearsay that is offered for the truth of the statement, that sentence

10   is stricken.  To the extent that the paragraph is speculative, Defendants' objection is

11   sustained.

12   7.    Page 7:18-22: "Eventually, I learned from each of them [secretaries] that . . . difficult to

13   perform my work."  Defendants object on the ground that the sentence is double hearsay with

14   no exception, and that the assertion that others were encouraged by someone else is

15   speculative.  The hearsay objection is sustained unless the statement is not offered for the

16   truth.

17   8.    Page 7:26-8:2: "It was not unusual to be excluded from meetings . . . attendance at

18   professional conferences and so on."  Defendants object because Plaintiff contradicts this

19   statement in her deposition where she stated that she attended those meetings and sought to

20   reverse decisions at those meetings (see Shupe Decl. Ex. C at 303-311; 402-03), and in

21   paragraph 36 of her declaration.  The question is whether Plaintiff's declaration clearly and

22   unambiguously contradicts her prior deposition testimony, was prepared specifically in

23   opposition to a summary judgment motion, and the contradiction has not been explained,

24   such that the Court may consider it a "sham" and refuse to consider it.  See Kennedy v.

25   Allied Mutual Ins. Co., 952 F.2d 262, 266-67 (9th Cir. 1991).  In Van Asdale v. International

26   Game Technology, 577 F.3d 989, 998-999 (9th Cir. 2009), the Ninth Circuit explained that

27   the doctrine should be "applied with caution," but is required because, "if a party who has

28   been examined at length on deposition could raise an issue of fact simply by submitting an

4

affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." Id. The Ninth Circuit has imposed two limitations on a district court's discretion to invoke the sham affidavit rule: (1) "the district court must make a factual determination that the contradiction was actually a 'sham;" and (2) "the inconsistency between a party's deposition testimony and subsequent affidavit must be clear and unambiguous to justify striking the affidavit." Id. at 999. The Court does not conclude that the declaration clearly and unambiguously contradicts Plaintiff's prior deposition testimony, so that it may be disregarded as a "sham." Specifically, the sentence is not exactly contradicted by further paragraphs in the declaration, which say that when Plaintiff did attend the meetings, she was ignored, and that the schedule of the meetings was monthly. Neither of these paragraphs contradicts Plaintiff's statement that she was excluded from meetings. Further, the deposition testimony is not contradictory. Plaintiff stated that she was excluded from some but not all meetings, and that she was routinely excluded from extra meetings that affected her work. Defendant's objection is overruled.

9. Page 8:18-21: "Ms. Pex [Defendant] would frequently ask me antagonistic, belittling and condescending questions. . . . would continue her conversations with them." Defendants object that the statements lack foundation, and that Plaintiff failed to provide any examples of the types of questions Plaintiff references. Defendants also object that Plaintiff's knowledge about conversations outside of her earshot lack personal knowledge and are speculative. Defendants' objection based on the lack of examples of questions is overruled because they have cited no authority which requires Plaintiff to cite examples. Defendants' objections are overruled except the objections are sustained as to the last phrase of this sentence: "where she would continue her conversations with them" for lack of foundation.

10. Page 8:26-28: "However, all decisions were made by the group to favor other specialists . . . my presence, questions and requests didn't make a difference at all." Defendants' objection that this statement is speculative goes to the weight of the evidence rather than its admissibility.

11.     Paragraph 41: Plaintiff describes how she was routinely assigned students with the most severe disabilities that lived in the East Palo Alto area.  Defendants argue that this paragraph is inconsistent with Plaintiff's statement in her deposition that she requested assignments in the East Palo Alto area.  See Shupe Decl. Ex. C at 222-23; 321-24.  However, any inconsistency is not clear and unambiguous.  See Van Asdale, 577 F.3d at 998-999.  Therefore, Defendants' objection is overruled.

12.     Paragraphs 42-43: Plaintiff describes generally how job requests from Caucasian Vocational Education Specialists were routinely accommodated, and that one Caucasian Vocational Education Specialist was particularly hostile to Plaintiff's requests for work assignments.  Defendants object that these paragraphs contain generalizations without any factual support.  Defendants' objections are overruled, except as to paragraph 42.

13.     Paragraphs 45-47: Plaintiff describes how Defendant Pex allegedly instructed other employees to monitor Plaintiff's work and to create procedural obstacles for Plaintiff.  Defendants object on the grounds that these paragraphs contain hearsay and double hearsay statements without exceptions, and are speculative.  To the extent that these paragraphs contain statements made by Pex, those statements are not hearsay because they are admissions of a party-opponent.  See Fed. R. Civ. P. 801(d)(2).  To the extent that Pex's statements were repeated by a co-worker to Plaintiff, they are inadmissible hearsay if offered for the truth.

14.     Paragraph 54: Plaintiff describes how Pex took corrective action against Burse, a custodian at the San Mateo County Office of Education, who was allegedly harassing Plaintiff only because Pex was somehow forced to do so.  Defendants object on the grounds that the paragraph is speculative and lacks foundation.  Defendants' objections are sustained.  Plaintiff provides no basis for how she knows what motivated Pex to take corrective action against Burse.

15.     Page 11:10-12: "My co-workers could order whatever they needed from the catalogs . . . The requested items arrived promptly thereafter."  Defendants object on the grounds that Plaintiff may only speculate about the work supply order process that applied to other co-workers,

**United States District Court**
For the Northern District of California

1    and that she had no personal knowledge about how others ordered supplies or whether others

2    had to go through the ordering process described in paragraph 56.  She has not shown the

3    basis for her knowledge.  Defendants' objections are sustained.

4    16.    Paragraphs 57-59.  Plaintiff describes her difficulty in getting work equipment, such as a new

5    chair.  Defendants object that this incident is time-barred because it occurred in 2003.  To the

6    extent this is part of the hostile environment, it may be considered as background under

7    Morgan.  Therefore, Defendants' objection is overruled.

8    17.    Paragraph 62: Plaintiff states that the workplace incidents that she described in her

9    declaration took place from 2003 until she was "forced out" in 2007.  Defendants object on

10   the ground that this paragraph is argument rather than testimony, and is insufficiently

11   specific.  The objections go to the weight of the evidence, and are overruled.

12   18.    Page 12:16-17: "Carol freely allowed my co-workers to use theirs [student project stipend] to

13   purchase work materials or items for students."  Defendants' objection is sustained because

14   Plaintiff has not provided a foundation.

15   19.    Page 12:27-13:3.  "I consistently notified my superiors . . . professional development

16   conferences."  Defendants object on the grounds that Plaintiff's statement states that she

17   "consistently" complained, but that there was no consistent conduct.  Defendants object on

18   the grounds that Plaintiff's declaration is contradictory to her deposition, and therefore a

19   sham.  The Court does not conclude that the declaration clearly and unambiguously

20   contradicts her prior deposition testimony, so that it may be disregarded as a "sham."  See

21   Van Asdale,  577 F.3d at 998-999.  For example, Plaintiff testified that there was no written

22   complaint following her 2004 EEOC complaint until her 2008 complaint (Shupe Decl. Ex. C

23   at 273-74), but this testimony does not contradict the declaration, which does not state that

24   she complained in writing.  As another example, Defendants note that Plaintiff could not

25   testify as to any incident involving ordering work supplies in the year before her 2008 EEOC

26   complaint (Id. at 280-81), but Plaintiff's declaration does not state that she consistently

27   complained about work supply ordering.  Accordingly, Defendant's objection is overruled.

28   20.    Page 13:15-25 (Paragraphs 69-71): Defendants object on the grounds that Plaintiff's

**United States District Court**
For the Northern District of California

statement that "they" believed that Plaintiff had planned the civility lecture is speculative and that Plaintiff could not testify as to another person's mental state.  This objection is sustained, except to the extent that a foundation is laid because Plaintiff attributes some comments about the meeting to Kathilynn Lehmer.  Further, Defendants object to these paragraphs on the grounds that they contain hearsay.  To the extent that Plaintiff heard these statements herself, they are not hearsay for the purpose of showing that statements were made in her presence, as opposed to being offered for the truth of the statements.  This evidence is relevant to Plaintiff's hostile work environment claim.  Defendants also object on the ground that the paragraphs describe a time-barred event that occurred in 2002, but that objection is overruled based on <u>Morgan</u>.

21.   Paragraphs 72-74: Plaintiff describes how she complained about, among other things, inequitable work assignments, difficulties in ordering supplies, after Reeves conducted his investigation in 2001.  Defendants object on the ground that these events are time-barred, but this objection is overruled.  Defendants' hearsay objection is overruled because the out of court statements were made by Princess Tucker-Jones, who was a high level employee who can speak for the organization under Federal Rule of Evidence 801(d)(2).

22.   Page 14:13-15: "Carol did not deny Princess' charge that she was treating my differently from the way she treated her white employees. She remained silent."  Defendants object on the ground that Plaintiff is attempting to suggest an admission from Pex through her silence.  The Court does not construe Pex's silence as an admission, and overrules the objection.

23.   Paragraph 76: Plaintiff states that Princess Tucker-Jones did her best to take corrective actions during the time she was a manager.  Defendants' objection that Plaintiff lacks foundation to testify about the motives and mental state of Tucker-Jones is sustained.

24.   Page 15:5-7: "During the preceding 10 years of my employment, the Vocational Employment Specialists blocked my attempts to attend professional development conferences."  Defendants object that Plaintiff lacks foundation to testify about what other unnamed persons did.  This objection is overruled.

25.   Page 15:14-16: "It did not help when, in early 2004, Marsha Castell-Blanch, a Vocational

Education Specialist, told me that I was 'lucky' that the County hired me because generally they do not hire black people for my position."  Defendants' objection based on hearsay is sustained to the extent that the statement is offered for the truth, but overruled as to Plaintiff being told that.

26.     Page 15:18-20.  "The hostility ramped up so much again that by May 2004, I became ill and had to take medical leave.  The medical crisis was triggered by observing how, after she became manager, Princess too became a target of harassment."  Defendants object that this is improper medical opinion as to the cause of Plaintiff's undefined medical crisis.  Defendants' objection is overruled.

27.      Page 15:20-25: "During the first year of Princess' appointment as a manager in 2003, . . . They seemed to take sport in disparaging Princess at every opportunity."  Defendants object to this testimony on the ground that Plaintiff lacks foundation to testify about the motivations of others.  The objection, which go to the weight of the testimony rather than its admissibility, is overruled.

28.     Paragraph 83: Plaintiff describes how co-workers made negative comments under their breath when Princess Tucker-Jones made presentations.  Defendants object that this paragraph is speculation.  To the extent that Plaintiff actually heard statements made by co-workers, Defendants' objection is overruled.

29.     Page 16:24-26: "Blaming me for Carol's transfer, my co-workers shunned and isolated me even more.  Trashing of my work area escalated.  This included arriving at my work space and finding that my African artifacts."  Defendants object that Plaintiff cannot testify as to the mental state of her co-workers.  This objection, which goes to the weight of the testimony rather than its admissibility, is overruled.  Defendants object to the second sentence on the ground that it lacks foundation.  To the extent that Plaintiff testifies to the fact that her work space was disturbed, Defendants' objection based on lack of foundation is overruled.

30.     Page 16:27-28.  "I understood she [Princess Tucker-Jones] left in part because of the hostility she was subjected to in the workplace as a black female manager."  Defendants object to this sentence, arguing that Plaintiff lacks personal knowledge about why Princess Tucker-Jones

left.  Defendants note that Plaintiff testified at her deposition that Tucker-Jones was forced to resign or was fired.  <u>See</u> Shupe Decl. Ex. C at 71-73.  Defendants also argue that Plaintiff's statement in her declaration is a sham.  However, any inconsistency between Plaintiff's deposition and her later declaration is not clear and unambiguous to be considered a sham pursuant to <u>Van Asdale</u>.   Accordingly, Defendant's objections are overruled.

31.     Paragraph 95: Plaintiff states that her union representative told her that the hiring process for the Lead Vocational Education Specialist violated the collective bargaining agreement and that Plaintiff should file a grievance, but that Plaintiff did not file a grievance because the stress was already too great.  Defendants' objection based on hearsay is sustained only to the extent that the paragraph contains a statement made by the union representative that is offered for the truth, not for the fact that it was made.

32.     Page 17:19-28 (Paragraph 96), 18:5-8 (Paragraph 99): These paragraphs state that Pex made derogatory references in Plaintiff's presence about Black people in 2003-2004 and 2006-2007, and that Pex stated to Plaintiff that "people in your part of the world are used to doing hard work and so you should be used to doing hard work here too."  Defendants object because Plaintiff did not testify in her deposition about these incidents, even though she was asked whether Pex made any derogatory statements to her.  <u>See</u> Shupe Decl. Ex. C at 97; 158; 176-78; 474-81.  To  the extent that Defendant argues that Plaintiff's declaration is a sham, that objection is overruled.  <u>See Van Asdale</u>, 577 F.3d 998-999.  There has been no showing that any inconsistency between Plaintiff's declaration and her prior deposition is so clear and unambiguous to be considered a sham, or that Plaintiff's omission of these incidents from her deposition was anything more than an oversight.

33.     Paragraph 98: Plaintiff stated that in the fall of 2006, she filled out a form and self-identified as African, but that Pex changed the form to indicate African-American.  Defendants object that Plaintiff lacks foundation to make this statement.  Defendant's objection is overruled.

34.     Paragraphs 103-05: Plaintiff stated that Pex made negative comments about Plaintiff and Plaintiff's country.  Plaintiff also states that in January 2007, Linda Nieder told Plaintiff that Pex was going to get her.  Defendants object on the grounds that paragraph 103 is

**United States District Court**
For the Northern District of California

speculative because Plaintiff lacks foundation to testify about what Pex said under her breath, but to the extent that Plaintiff heard the statements, Defendants' objection is overruled.  Defendants object that Plaintiff lacks foundation to testify about Pex's non-verbal conduct, but that objection goes to the weight of her testimony.  Defendants' objection as to Nieder's statement is sustained only insofar as the statement is offered for the truth.

35.  Page 19:20-21: "A few days later, I was in the South San Francisco WorkAbility Office and gave a copy of the [doctor] note to one of the WorkAbility secretaries, either Essence or Teri."  Defendants object on the ground that in her deposition, Plaintiff testified that she had no knowledge which would contradict the date stamp on the doctor's note of March 8, 2007 (See Shupe Decl. Ex. C at 244-45), which is not a "few days later."  Defendants argue that the declaration is a sham.  However, in Plaintiff's deposition, she stated that she did not have any knowledge of when the document was received, which is not sufficiently directly contradictory to conclude that it is a sham (as opposed to potential impeachment).  See Van Asdale, 577 F.3d at 998-999.  Therefore, Defendant's objection on that basis is overruled.  Further, this objection goes to the weight of the evidence, rather than its admissibility.

36.  Paragraphs 108-113: These paragraphs describe Plaintiff's plan to take five days off, which she discussed with the Lead Vocational Education Specialist, to evaluate her medical condition with regard to whether she would have hip replacement surgery in late March 2007.  Plaintiff describes how she worked with her training assistant to cover her work.  Defendants object on the grounds that the paragraphs are hearsay.  To the extent that the paragraphs contain out of court statements by the Lead Vocational Education Specialist or Plaintiff's training assistant, those statements are hearsay to the extent they are offered for the truth.  Defendants further object on the ground that the declaration is a sham because it contradicts Plaintiff's deposition, in which she testified that she only told a few people that she was going to be absent.  However, any inconsistency between the deposition and the declaration is not clear and unambiguous, so Defendants' objection based on sham is overruled.  See Van Asdale, 577 F.3d at 998-999.

37.  Paragraphs 117-118: Plaintiff describes how she found that the police had broken down the

**United States District Court**
For the Northern District of California

1    door to her apartment, and that her apartment manager stated that the police acted because

2    Plaintiff's employer asked police to conduct a welfare check.  Defendants object on the

3    grounds that these statements are hearsay.  Defendants' objection is sustained only to the

4    extent that the statements by the manager are offered for the truth.

5    38.    Ex. C:  Defendants object on the grounds that exhibit C is not attached to Plaintiff's

6    declaration.  Plaintiff, however, subsequently provided the exhibit.  Therefore, Defendants'

7    objection is overruled as moot.

8    39.    Page 21:23-24. "learning that it was Carol Pex and my employer who were responsible" for

9    the police breaking into Plaintiff's apartment.  Defendants object on the grounds that the

10   statement lacks foundation.  Defendants' objection is sustained because there is no showing

11   of foundation except for a hearsay statement from the Palo Alto police, to support the

12   conclusion that Pex was involved.

13   40.    Page 22:19-22: "I understand that she [Carol Pex] did not ask Harriet Beck, . . . Nor did she

14   contact any of the teachers with whom I work."  Defendants object on the ground that this

15   statement is speculative and lacks foundation.  Plaintiff's statement lacks foundation, so

16   Defendants' objections are sustained.

17   41.    Page 23:3-4: "On or about March 8, 2007, Carol unjustifiably reprimanded me for allegedly

18   making false entries in my time sheet."  Defendants argues that this statement is a sham

19   because Plaintiff testified in her deposition that the only reprimand she received at work was

20   for another incident involving a letter she wrote to Lisa Suruki.  <u>See</u> Shupe Decl. Ex. C at

21   182-83.  Plaintiff's declaration unambiguously contradicts her earlier deposition testimony,

22   so that it is a sham on this point.  <u>See</u> <u>Van Asdale</u>, 577 F.3d at 998-999.  Therefore,

23   Defendant's objection is sustained.

24   42.    Paragraph 128: Plaintiff states that white Vocational Education Specialists were allowed to

25   work from home, and were never penalized for it.  Defendants object on the ground that this

26   is speculation.  Although Plaintiff argues that she has personal knowledge, Plaintiff made no

27   showing of the basis for her knowledge.  Therefore, Defendants' objection is sustained.

28   43.    Paragraph 129: Plaintiff states that Harriet Beck, the Lead Vocational Education Specialist,

1    admitted that individuals could work from home without negative consequences.  To the

2    extent that this statement is offered for the truth, Defendants' hearsay objection is sustained.

3    44.    Page 23:23; paragraphs 135-138: Plaintiff states that Defendant Bosley was abrupt,

4         condescending and hostile during a meeting regarding Plaintiff's grievance.  Plaintiff also

5         states that Bosley made harassing phone calls and also accused Plaintiff's union

6         representative of unprofessional conduct.  Defendants object to these statements as

7         speculative and lacking foundation.  Defendant's objections to these statements, which

8         describe Plaintiff's perception of Bosley's conduct, go to the weight of the statements, rather

9         than their admissibility, and are therefore overruled.

10   45.    Paragraph 139: Plaintiff describes how her medical condition as of November 2007 was

11        unchanged, and that her doctors verified her disability as a result of the hostile work

12        environment.  Defendants' objection that the statements of doctors are hearsay is sustained to

13        the extent that the statements are offered for the truth.  Defendants also object to the portion

14        of paragraph 139 stating that Plaintiff's disability was due to the hostile work environment as

15        speculative.  That objection is overruled to the extent that Plaintiff provides her opinion as to

16        her medical condition, but sustained to the extent that the statements are offered for the truth

17        of the doctor's diagnosis.

18   46.    Page 24:17; 24:21-22; 24:27. In these three paragraphs, Plaintiff states that she was

19        "terminated," and that "as a result of the long-standing hostility and abuse on the job," she

20        has experienced emotional distress.  Defendants object on the ground that these statements

21        are legal conclusions and speculative.  Therefore, Defendants' objections are overruled.

22   **Declaration of Princess Tucker-Jones - Assistant Education Services Manager for Secondary**
     **Services Division from July 2002 through June 2003 and Director of Secondary Services**
23   **Division from July 2003 through June 2006**

24   1.    Paragraph 13: Tucker-Jones stated that she observed negative racial stereotyping in the

25        workplace, and described how staff insisted that only Filipino works care for severely

26        disabled children because of the stereotype that Filipinos are good caregivers.  Defendants

27        object on the ground that this evidence is irrelevant.  This evidence is not wholly irrelevant,

28        although it is of minimal probative value because it took place in a different department

13

**United States District Court**
For the Northern District of California

1   about six years before Plaintiff filed her 2008 EEOC charge.  Defendants' objection is

2   overruled.

3  2.   Paragraphs 12, 15: Tucker-Jones states that the Secondary Services Department lacked

4   cultural sensitivity.  Defendants' objection on the ground that Tucker-Jones testified as to

5   legal conclusions, rather than facts, is overruled.  The objection goes to the weight of the

6   evidence, rather than its admissibility.

7  3.   Paragraph 19: Tucker-Jones states that she had heard that Plaintiff had concerns about

8   discrimination, but then later heard these concerns directly from Plaintiff.  Defendants'

9   objection based on hearsay is sustained to the extent that the secondhand statements are

10   offered for the truth.

11  4.  Paragraphs 24-28: Tucker-Jones describes many statements by Plaintiff about harassment

12   and discrimination.  Defendants' hearsay objection is sustained to the extent that the

13   statements are offered for the truth.

14  5.  Page 7:15-17: Tucker-Jones states that Pex did nothing to help Plaintiff, yet Pex followed up

15   on another complaint of another Vocational Education Specialist.  Defendants object on the

16   grounds that these statements are conclusory and lack foundation.  There is no showing as to

17   how Tucker-Jones knows what Pex did.  Therefore, Defendants' objections are sustained.

18  6.  Paragraph 31:  "In the meeting, Carol Pex did not deny that she had treated Waithira

19   differently."  Defendants object on the ground that this statement attempts to suggest an

20   admission by silence from Pex, which is speculative.  Defendants' objection, which goes to

21   the weight of the evidence, is overruled.

22  7.  Paragraphs 23-38: Tucker-Jones describes the results of her investigation into treatment of

23   Plaintiff by Pex in 2002, and subsequent related meetings in 2003 and 2004.  Defendants

24   object that these incidents took place years before the 2008 EEOC complaint at issue in this

25   case.  However, to the extent that this evidence goes to the hostile work environment claim,

26   these older incidents can be used to establish liability under <u>Morgan</u>.  Therefore, Defendants'

27   objection is overruled.

28  8.  Paragraphs 39, 40 (first four words): Tucker-Jones states that beginning in January 2004,

**United States District Court**
For the Northern District of California

Plaintiff experienced retaliation, and was ignored and isolated.  To the extent that Tucker-Jones's characterization of events states legal conclusions in paragraph 39, Defendants' objection is sustained.  The first four words of Paragraph 40 are: "I brought the acts. . . ."  It is not clear how these four words are speculation or "rank conclusion."  Defendants' objection as to paragraph 40 is overruled.

9.    Paragraphs 41-42: Tucker-Jones describes continued negative treatment of Plaintiff by Pex and others.  Defendants' objection on the ground that statements made by Plaintiff are hearsay is sustained to the extent the statements are offered for the truth.

10.   Paragraph 48: Tucker-Jones explains her conclusions about Plaintiff's complaints based on information provided by Plaintiff and gathered by Tucker-Jones' assistant.  Defendants' hearsay objection is sustained insofar as the statements are offered for the truth.

11.   Page 11:25-27: Tucker-Jones states that from December 2003 until she left in June 2006, there were informal investigations of Plaintiff's complaints.  Defendants object on the ground that Tucker-Jones lacks foundation to say whether or not investigations were made.  Defendants' objection goes to the weight of the evidence, rather than its admissibility.

12.   Page 12:9-10; paragraph 52: Tucker Jones describes her own experiences with harassment and discrimination in this workplace.  Defendants' objection goes to the weight of the evidence, rather than its admissibility.

13.   Paragraphs 53-54: Tucker-Jones describes how she waged a campaign against rampant gossip in the workplace, including an incident by Burse, who allegedly used a racial and sexist slur against Tucker-Jones when Tucker-Jones asked Burse to move some equipment in a timely manner.  Defendants' objection based on hearsay is sustained to the extent that the statements are offered for the truth, but not as to whether the statements were made.  Defendants' objection based on the fact that these incidents are remote in time is overruled based on <u>Morgan</u>.

**Declaration of Jacque Taliaferro - Special education teacher in San Mateo County**

1.    Paragraph 4: Taliaferro, who is an African American female, stated that she had difficulties with Pex, which she attributes to race and differential treatment.  Defendants' objection that

15

United States District Court
For the Northern District of California

1   this paragraph is conclusory is overruled.

2.   Paragraphs 5-10: These paragraphs describe an incident in which Pex reprimanded
     Taliaferro.  Defendants object that this incident was remote in time, and is irrelevant to show
     racial animus because there was no showing that the incident was racially motivated.
     Although this incident was remote in time, Defendants' objection, which goes to the weight
     of the evidence rather than its admissibility, is overruled.

3.   Paragraphs 11-16: These paragraphs describe an incident in 2003 in which Pex orally
     reprimanded Taliaferro.  Defendants object on the ground that this incident occurred in 2003,
     well before Plaintiff filed her 2008 EEOC complaint, and that there is no racial animus
     shown.  Although the incident was remote in time, Defendants' objection goes to the weight
     of the evidence rather than its admissibility.  Therefore, Defendants' objection is overruled.

4.   Paragraph 17:  This paragraph describes an incident in 2003 in which Taliaferro was helping
     Tucker-Jones in a meeting and Pex sent two people at different times to take Taliaferro out of
     the meeting to attend another meeting.  Although the incident was remote in time,
     Defendants' objection goes to the weight of the evidence rather than its admissibility.
     Therefore, Defendants' objection is overruled.

5.   Page 4:15-16: "before having Waithira reported to the police as missing with foul play
     suspected resulting in the police kicking down the door of her home."  Defendants' objection
     based on lack of foundation is sustained.

6.   Paragraph 20: Taliaferro conducted her own investigation into whether Pex contacted certain
     individuals before Pex called the police to go to Plaintiff's home in March 2007.
     Defendants' hearsay objection is sustained to the extent that this evidence is offered for the
     truth.  To that extent that this paragraph contains conclusions rather than facts, Defendants'
     objection on  that basis is sustained.

7.   Page 4:23: Taliaferro describes the contents of an email that purports to be attached to the
     declaration, but is not attached.  Plaintiff subsequently provided the email, so Defendants'
     objection is overruled as moot.

**Declaration of Eric Moberg - Plaintiff's Former Union Representative**

1. Paragraphs 6-7: Moberg describes the events of November 2003 in which Burse allegedly made racist remarks to Plaintiff. Defendants argue that these events are too remote, but as stated above, remote events may be used to show a hostile work environment under <u>Morgan</u>. Therefore, this objection is overruled. Defendants also object to paragraph 7 as hearsay, and as improperly attributing an admission to Pex based on her silence. To the extent that the paragraph includes hearsay, Defendants' objection is sustained to the extent that the statements are offered for the truth. Defendants' objection based on an admission by Pex goes to the weight of the evidence, rather than its admissibility, and is therefore overruled.

2. Page 2:14-18: "The purpose was to attempt to remediate the ongoing hostility to which Waithira was being subjected . . . as well as Ms. Pex, who took no corrective action on her own." To the extent that Moberg lacks personal knowledge of the facts in this paragraph, Defendants' objection on that ground is sustained.

3. Paragraph 8: Moberg states that during the fall of 2006, Moberg learned that Plaintiff had not received a promotion, and he believed that was in violation of the collective bargaining agreement and established practices. Defendants' objection based on hearsay is sustained to the extent that the statements are offered for the truth. Further, to the extent that Moberg lacks personal knowledge, the objection on that ground is sustained.

4. Page 3:5-8: Moberg describes how Pex either called the police or caused them to be called to conduct a welfare check on Plaintiff at her home. Defendants' objection that Moberg lacks personal knowledge is sustained. Defendants' hearsay objection is sustained to the extent that Moberg's statements are offered for the truth.

5. Page 3:12-20: Moberg describes Taliaferro's investigation and her conclusions. Defendants' hearsay objection is sustained to the extent that the statements are offered for the truth. Defendants' objection based on improper opinion is sustained to the extent that Moberg's statements constitute opinion. Defendants' objection based on speculation goes to the weight of the evidence, rather than its admissibility, and therefore is overruled.

6. Page 3:21-26: Moberg further describes an email from Taliaferro to Dr. Jean Holbrook stating the conclusions of Taliaferro's investigation. Defendants' hearsay objection is

17

1     sustained to the extent that these statements are offered for the truth.

2  7.  Paragraph 12: Moberg described his argument in support of Plaintiff's grievance about the

3     police welfare check.  Defendants object on the ground that this statement contains hearsay,

4     and is speculative and conclusory.  To the extent it contains hearsay offered for the truth,

5     Defendants' objection is sustained.  Defendants' other objections go to  the weight of the

6     evidence rather than its admissibility, and are therefore overruled.

7  8.  Paragraph 13: "The grievance was ignored by Carol Pex at level 1."  Defendants object on

8     the ground that whether Pex "ignored" the grievance is speculative and that Moberg cannot

9     read Pex' mind.  Defendants' objection is sustained.

10 9.  Page 4:14-15: "Ms. Bosley was insulting, confrontational and frequently interrupted by [sic]

11    presentation."  Defendants' objection that this statement is an improper characterization and

12    improper argument goes the weight of the evidence rather than admissibility, and is therefore

13    overruled.

14 10. Page 4:16-21 (Paragraph 15): Moberg describes his presentation in support of Plaintiff's

15    grievance.  Defendants object on the grounds of hearsay and that the statement is conclusory

16    and speculative.  To the extent that this paragraph contains hearsay that is offered for the

17    truth, Defendants' objection is sustained.  Defendants' objections that the statements are

18    speculative and conclusory go to the weight of the evidence rather than the admissibility, and

19    are therefore overruled.

20 11. Page 4:21-22: "Jeannie Bosley was dismissive and rude to Waithira, Jacque and me."

21    Defendants' objection that this statement is improper opinion is overruled.

22 12. Paragraphs 17-18: Moberg states that he filed his own grievance against Defendant Bosley

23    who had given him an oral reprimand for being rude to employees in the personnel

24    department after Plaintiff's grievance meeting ended.  To the extent that these paragraphs

25    contain hearsay that is offered for the truth, the hearsay objection is sustained.  Defendants's

26    objections that this evidence is unrelated to Plaintiff's claims and is speculative go to the

27    weight of the evidence rather than the admissibility, and are therefore overruled.

28 13. Paragraphs 19-20: Moberg states that he learned that Bosley had also issued an oral

United States District Court
For the Northern District of California

1    reprimand against Plaintiff, and then states that Moberg's grievance was denied at every

2    level.    Although Moberg's separate grievance is only tangentially relevant, Defendants'

3    objection that these paragraphs are speculative and lack personal knowledge go to the weight

4    of the evidence rather than its admissibility, and are therefore overruled.

5    14.    Paragraph 21, first sentence: Moberg states that in June 2007, he told Bosley that Pex'

6    strategy of calling the police to go to Plaintiff's apartment was done to retaliate against

7    Plaintiff for engaging in protected activity.  Defendants' hearsay objection is sustained to the

8    extent that this statement is offered for the truth.

9    15.    Paragraph 21, second sentence: Moberg states that Defendant Holbrook acknowledged at a

10    meeting that Halbrook knew that Plaintiff believed that Pex called the police in retaliation.

11    This sentence is hearsay if offered for the truth, but not as to whether Holbrook made such a

12    statement.

13    16.    Paragraphs 22-24: These paragraphs describe the resolution of Moberg's personal grievance.

14    Defendant objects to these paragraphs on the grounds that they are irrelevant.  The Court did

15    not rely on this evidence in ruling on Defendants' motion for summary judgment, therefore,

16    Defendants' objection is moot.

17    **IT IS SO ORDERED.**

18    Dated: April 13, 2010

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

19